## Clark *vs* Smith, &c.

ERROR TO THE MONTGOMERY CIRCUIT.

*Attachment in chancery. Usury.*

JUDGE BRECK delivered the opinion of the Court.

CHANCERY.

*Case* 73.

*June* 17.

SMITH exhibited this bill in chancery against Clark, setting up several claims against him, and alledging that he was about to make a fraudulent disposition of his property for the purpose of hindering, delaying and defrauding his creditors in the collection of their debts, and obtained an attachment and restraining order. Among the demands set forth in the bill was a note for $186 18, which the complainant claimed as assignee of James Ramsay.

The allegations of complainant's bill.

Clark, in his answer, alledged and set forth various monied transactions between him and Ramsay, in which the latter had exacted from him usurious interest to a large amount, and charged that the entire consideration of this note was usurious interest, and that Ramsay was, besides, indebted to him a large sum for usury which he had paid him. He denied that he had made, or had attempted or intended to make, any disposition of his property for the purpose of defrauding his creditors, as charged by the complainant. He made his answer a cross bill against Smith and Ramsay, prayed that the note for $186 18, might be cancelled and surrendered up to him, and for such further decree against Ramsay for usury paid him, as he might, in equity, be entitled to.

Clark's answer.

Smith answered the cross bill, denying that he had any knowledge of the alledged usurious exactions by Ramsay, except that the note in contest included usurious interest to the amount of $11 44, for which he had entered a credit before the commencement of his suit.

Smith's answer.

Ramsay admits in his answer, with some exceptions, the allegations of Clark in his cross bill, in regard to the transactions between them, and the extent of the usury. He denies, however, that he loaned him in 1835, $600,

Ramsay's answer.

as charged, but says he purchased a note upon him for about that amount, upon which he charged him 10 or 12 per cent. That in January, or February or March, 1840, he and Clark had a full settlement, and Clark paid him up all he owed him, and on the same day he loaned him, at a reduced rate of interest, viz: at nine per cent., about $500. That about a year afterwards, Clark paid him $400, and gave him his note for $157 for the residue, which note and interest was the consideration for the $186 note. He denies that the settlement and payment by Clark, of what he owed him in 1840, was in consequence of any arrangement or understanding between them that he was to release to Clark any portion of the money paid, but he assigned as a reason for paying it, that he could procure money at a lower rate of interest. That sometime afterwards, on same day, upon his agreeing to reduce the rate of interest, Clark took $500.

Decree of the Circuit Court.

The Court adopted as a basis for ascertaining the usury in the $186 note, the loan of $500, made in 1840, and upon that basis reduced it to $136 52, and for that and other sums found due the complainant, decreed a sale of the attached property. Upon the cross bill Clark was decreed his costs, but no relief over against Ramsay. To reverse that decree, Clark has brought the case to this Court for revision, and Smith has assigned cross errors.

The first question for consideration is, whether the proper parties were before the Court upon the original bill.

The assignor of a note is not a necessary party to a bill and attachment by the assignee, to recover the amount of a note.

It is contended that Ramsay was a necessary party, but the objection is deemed wholly untenable. By the assignment to Smith he had parted with all his interest in the note, legal and equitable, and was neither a necessary nor a proper party. It was not the business of the complainant, but Clark, to bring him before the Court to enable him to assert his equity against the note.

A debtor contemplating a sale of all his estate to his son, on long credits, and transferring his notes to his creditor, justifies a

2d. It is insisted that the complainant failed to show sufficient cause for suing out the attachment. It satisfactorily appears, we think, in view of the answer and the testimony in the cause, that shortly prior to the filing of the complainant's bill, Clark contemplated a sale of all his estate to his son, upon long credits, and transferring

to his creditors his son's notes.  His son was entirely without means, and the object of the sale or transfer to him, although not designed ultimately to defeat his creditors in the collection of their debts, was to postpone and delay their collection, which would bring the case clearly within the provisions of the statute.   We are of opinion, therefore, the Court below was right in sustaining the attachment.

3d.  It is contended that the Ramsay note should have been cancelled, and that Clark, upon his cross bill, should have been decreed the residue of his claim upon Ramsay for usury.

The Court below was right, we think, in not going behind the transaction of 1840, the $500 loan, for the purpose of ascertaining the extent to which the note in question should be reduced.   The deposition of Ramsay was taken in the cause, and read without objection.   He adopts his answer as part of his deposition.   We think it may, therefore, be assumed that the loan of the $500 in 1840, had no connection with the previous usurious transactions between the parties, and should be treated as a new and original loan.   Had the amount then owing by Clark been paid up with the understanding it was to be re-loaned, or for the purpose of evading or checking the operation of the usury laws, the case would have been different, and the whole would have been regarded as a continuous transaction ; but the denials in the answer, sustained by the testimony, forbid the idea that such was the case.   Against the $186 note in the hands of the complainant as assignee, therefore, Clark has manifested no equity, except to have it purged of the usury included in it, regarding the loan in 1840 as a new and original loan.   As against the assignee he had no right to off-set the usury previously paid assignor; and as we are satisfied too large a sum has not been decreed as due upon that note, we are of opinion there is no error in the decree, so far as it relates to the relief granted upon the original bill, to the prejudice of Clark.

But it is manifest there is an error in the decree to the prejudice of the complainant.   The amount due upon the $186 note on the 22 March, 1844, after deducting the

Ramsay assigned
a note on Clark
to Smith, who
sued in chance-
ry to recover the
amount, Clark
made his answer
a cross bill,
charging usury
in the note, and
showed the pay-
ment of usury
before the trans-
action with
which the note
was connected.
Held that he
might recover it
so far as not bar-
red by time.

usury, ascertained upon the principles of the decree, was $153 95, instead of $136 52, the amount decreed. For this error alone, the decree upon the cross errors of the complainant, must be reversed.

Upon the cross bill of Clark, we are of opinion he should have been decreed relief against Ramsey for the usury paid prior to the settlement and loan of the $500 in 1840. He charges that the monied transactions between them commenced in 1835, and had been continued up to the execution of the note assigned to the complainant. But it appears from the answer and deposition of Ramsay, that *that* note grew out of the loan of 1840, between which and the closing of the former transaction, there had been a very short interval of a few hours. The disclosure of that fact constitutes, we think, no valid objection to the relief sought, as against Ramsay, for the usury prior to the settlement in 1840.

Whether more than five years had elapsed from that settlement and payment, before the exhibition of the cross bill, does not very satisfactorily appear, nor is it important to determine, since the statute of limitations or lapse of time has not been relied on by Ramsay in bar of any portion of the relief sought.

The decree is, therefore, reversed, as to the original bill, upon the cross errors of Smith, and as to the cross bill, it is reversed upon the errors of Clark, and the cause remanded that the error as indicated to the prejudice of Smith, may be corrected; and that the usury paid by Clark to Ramsay prior to the loan of the $500 in 1840, may be ascertained and decreed to him.

Clark will be entitled to his costs in this Court against Ramsay, and Smith to his costs against Clark, but he will not be entitled to damages, as he was unwilling to abide by the decree, and at his instance it has been reversed.

*Hazlerigg* for plaintiff; *Hanson and Chiles* for defendants.